# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RICHARD DALEY,

        Plaintiff,

vs.

CVS PHARMACY, INC.,

        Defendant.

Case No. 2:16-cv-02693-JCM-CWH

**ORDER**

Presently before the court is Plaintiff Richard Daley's Motion for Default Judgment in Affidavit Format (ECF No. 21), filed on April 28, 2017. Defendant CVS Pharmacy, Inc. filed a response (ECF No. 22) on May 5, 2017. Plaintiff filed a reply (ECF No. 23) on May 12, 2017.

**I. BACKGROUND**

This action arises out of an employment dispute between Plaintiff and Defendant, who is Plaintiff's former employer. Plaintiff alleges he is 62 years old with diabetes and he was not provided medical accommodations. (Compl. (ECF No. 1) at 4.) He further alleges he was replaced by a less experienced individual for less pay, thereby defrauding him from receiving a medical and retirement package. (*Id*.) Plaintiff bought suit against Defendant in this court on November 23, 2016, asserting claims under the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Government Employees Training Act, and for fraud and breach of contract. (*Id*. at 1.) Defendant was served with the summons and complaint on February 15, 2017. (Summons Returned Executed (ECF No. 6).)

Plaintiff now moves for default judgment, arguing he sent various letters to Defendant and that Defendant failed to respond to the letters. Specifically, Plaintiff argues that on September 20, 2016, Plaintiff provided Defendant with an "Affidavit" requiring $5,000,000 in damages within 10

days of receipt. Plaintiff states that he sent additional copies of the letter to Defendant on October 5 and 25, 2016. Plaintiff also argues Defendant never responded to the letters and it is therefore in default. Defendant responds that Plaintiff is not entitled to entry of default by the clerk or to a default judgment because Defendant timely filed a motion to dismiss and compel arbitration after being served the complaint. Plaintiff replies that Defendant did not follow the Federal Rules of Civil Procedure by failing to respond to his affidavits.

**II. ANALYSIS**

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Under Rule 4 of the Federal Rules of Civil Procedure, the summons and a copy of the complaint must be served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(c)(1), 4(m). Under Rule 12(a)(1)(A)(i), a defendant must serve an answer within 21 days after being served with the summons and complaint. Alternatively, a party may bring a Rule 12(b) motion before filing a responsive pleading. Fed. R. Civ. P 12(b).

If a party fails to plead or otherwise defend, a party may move for the clerk's entry of a party's default. Fed. R. Civ. P. 55(a). After a default under Rule 55(a) has been entered, a plaintiff may request entry of default judgment by the clerk or by the court. Fed. R. Civ. P. 55(b). Upon a plaintiff's request and affidavit showing the amount due, a clerk must enter a default judgment for the amount and costs against a defendant who has been defaulted for not appearing. *Id*. In all other cases, the party must apply to the court for a default judgment. *Id*.

Here, Plaintiff served Defendant with a complaint and summons on February 15, 2017. Defendant timely filed a motion to dismiss and compel arbitration on March 7, 2017, within 21 days after being served the summons and complaint, under Federal Rules of Civil Procedure 12(b)(1). Plaintiff does not provide any argument or authority explaining Defendant's obligation to respond to affidavits served before any formal case initiation within the court. Given that Defendant has filed a timely Rule 12(b)(1) motion, Defendant has not failed to plead or otherwise respond to the complaint under Rule 55. The court therefore will not enter a default or default judgment against Defendant.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment (ECF No. 21) is DENIED.

DATED: June 28, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**