# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RICHARD DALEY,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　)　　Case No. 2:16-cv-02693-JCM-CWH
　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　)　　**ORDER**
　　　　　　　　　　　　　　　　　　　)
CVS PHARMACY, INC.,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　　)
_____)

　　　　Presently before the court is Plaintiff Richard Daley's Mandatory Judicial Notice to Correct Error (ECF No. 35), filed on September 28, 2017. The court construes this filing as a motion for reconsideration of its order (ECF No. 25) denying Mr. Daley's motion for default judgment.

　　　　The court denied Mr. Daley's motion for default judgment because Defendant CVS Pharmacy, Inc. filed a timely motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure, and therefore did not fail to plead or otherwise respond to the complaint under Rule 55. (Order (ECF No. 25) at 2.) Mr. Daley appealed this order. (Notice of Appeal (ECF No. 26); Am. Aff. in Support of Notice of Appeal (ECF No. 27).) The United States Court of Appeals for the Ninth Circuit dismissed the appeal on the grounds that an order denying a motion for default judgment is not final or appealable and that a magistrate judge's order is not final or appealable. (Order (ECF No. 31).) Mr. Daley now moves for reconsideration of the court's order on his motion for default judgment, arguing that the defendant did not rebut the allegations in his affidavit in support of default judgment and that he is entitled to judgment in the amount of $5,000,000.

　　　　"The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction." Local Rule 59-1(a); *see also City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (stating that the court may reconsider an

interlocutory order so long as it retains jurisdiction over the case). "Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." LR 59-1(a).

Mr. Daley does not point to newly discovered evidence that was not available when he filed his motion for default judgment. Nor does he establish that the court committed clear error, that the court's order was manifestly unjust, or that there was an intervening change in controlling law. The court therefore declines to reconsider its previous order.

IT IS THEREFORE ORDERED that Plaintiff Richard Daley's Mandatory Judicial Notice to Correct Error (ECF No. 35), which the court construes as a motion for reconsideration, is DENIED.

DATED: October 3, 2017

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**