**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD DALEY, | Case No. 2:16-CV-2693 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| CVS PHARMACY, INC., | |
| Defendant(s). | |

Presently before the court is defendant CVS Pharmacy Inc.'s motion to dismiss. (ECF No. 7). *Pro se* plaintiff Richard Daley filed a response[1] (ECF No. 16), to which defendant replied (ECF No. 18).

Also before the court is defendant's motion to compel arbitration. (ECF No. 8). Plaintiff filed a response (ECF No. 17), to which defendant replied (ECF No. 18).

**I.    Facts**

Plaintiff worked as a pharmacist for defendant. (ECF No. 1 at 11). During the week of October 5, 2017, defendant introduced an arbitration policy, which it attached to its motion as "Exhibit A." (ECF No. 7-3). The arbitration policy requires participating employees and CVS to each waive their rights to bring employment-related claims in court, and instead submit any disputes to binding arbitration. (ECF No. 7-1) ("Declaration of Robert Bailey").

The arbitration policy contains a description of "Claims Covered by This Policy." The provision states, in relevant part, "Covered Claims also include disputes arising out of or relating

---

[1] Defendant's reply correctly notes that plaintiff's response does not address the legal issues raised in defendant's motion. However, as plaintiff represents himself *pro se*, the court will not assume that plaintiff's failure to adequately address the issues raised within defendant's motion constitutes a consent to the granting of defendant's motion to dismiss.

to the validity, enforceability or breach of this Policy, except as provided in the section below regarding the Class Action Waiver." (ECF No. 7-3 at 3).

On November 23, 2016, plaintiff filed the instant lawsuit against defendant. (ECF No. 1). Plaintiff alleges that defendant's hiring and firing practices discriminated against him and violated the ADEA and ADA. *Id.*

**II.     Legal Standard**

Federal substantive law governs the question of arbitrability. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 474-75 (9th Cir. 1991). Because the consulting agreement at issue is a "contract evidencing a transaction involving commerce," it is subject to the Federal Arbitration Act. See 9 U.S.C. § 2; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

The Federal Arbitration Act ("FAA") reflects Congress' intent to provide for the enforcement of arbitration agreements within the full reach of the commerce clause. *See Republic of Nicaragua*, 937 F.2d at 475 (citing *Perry v. Thomas*, 482 U.S. 483, 490 (1987)). The FAA embodies a clear federal policy in favor of arbitration. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Simula*, 175 F.3d at 719 (quoting *Moses H. Cone*, 460 U.S. at 24–25).

The standard for demonstrating arbitrability is not high. *Simula*, 175 F.3d at 719. The Supreme Court has held that the FAA leaves no place for the exercise of discretion by a district court, but instead mandates that district courts direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. *See Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218 (1985); *Simula*, 175 F.3d at 719. Such agreements are to be rigorously enforced. *Simula*, 175 F.3d at 719; see also Dean Witter, 470 U.S. at 221.

Despite the federal policy favoring arbitration, arbitration is a "matter of contract" and no party may be required to arbitrate "any dispute which he has not agreed so to submit." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002) (quoting *United Steelworkers of Am. V. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). When determining whether a party should be

compelled to arbitrate claims: courts engage in a two-step process. *Chiron*, 207 F.3d at 1130 (9th Cir. 2000). The court must determine: (1) whether a valid agreement to arbitrate exists, and if it does; (2) whether the agreement encompasses the dispute at issue. *Id.*

## III. Discussion

Defendant asserts that a binding arbitration agreement exists between the parties and the agreement delegates the question of arbitrability to the arbitrator. In the alternative, defendant asserts that it has demonstrated the existence of the threshold requirements for arbitrability under the FAA.[2]

An arbitration agreement may create an agreement between the parties to submit the threshold question of arbitrability to an arbitrator instead of a court. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 ("An agreement to arbitrate a gateway issue is simply an additional antecedent agreement that the party seeking arbitration asks the court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other."). In such cases, unless the agreement to submit the question of arbitrability is itself challenged, the court should defer ruling on the gateway questions to the arbitrator. *See id.*

Here, defendant alleges the existence of a valid agreement to submit questions of arbitrability to the arbitrator. (ECF Nos. 7-2, 7-3). Plaintiff does not respond with any defense that would invalidate this agreement. Accordingly, the threshold questions as to the validity of the arbitration policy and whether it applies to this dispute must be left to the arbitrator. *See Rent-A-Center*, 561 U.S. at 70.

## IV. Conclusion

Because an arbitration agreement exists that vests the power to rule on the question of arbitrability in an arbitrator, the court lacks jurisdiction to consider the question and will compel arbitration.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 7) be, and the same hereby is, GRANTED.

---

[2] Plaintiff's response does not address defendant's arguments.

IT IS FURTHER ORDERED that defendant's motion to compel arbitration (ECF No. 8) be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED November 9, 2017.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE